IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DOUGLAS CANTRELL )
 )
v. ) NO. 3:13-cv-458
 ) JUDGE CAMPBELL
R.E. WEST, INC. and )
BOB WEST, Individually )

**MEMORANDUM**

This case comes before the Court on Plaintiff's motion for partial summary judgment (Docket No. 58), Defendant's motion for summary judgment (Docket No. 74), and Defendant's unopposed motion to dismiss (Docket No. 78). For the reasons stated herein both motions for summary judgment will be DENIED and Defendant's motion to dismiss will be GRANTED.

**FACTS**

Plaintiff was employed by Defendants as a truck driver and trainer. At all times relevant to this dispute, Defendant Bob West was the president and CEO of Defendant company, R.E. West, Inc. (hereinafter, the "Company"). While on an assignment in Washington state, Plaintiff learned on Sunday, March 31, 2013, that his elderly mother had been hospitalized. On the morning of Tuesday, April 2, 2013, Plaintiff learned his mother's condition was deteriorating. The parties disagree about the timing and content of the information Plaintiff obtained about his mother's condition. During that day, Plaintiff informed Company officials of his mother's deteriorating health. Plaintiff did not ask to leave his truck and fly home to Tennessee until the late afternoon, after Plaintiff claims that his sister informed him that their mother was doing even worse and that he should come home immediately.

After Plaintiff made the request to fly home to be with his mother, Company officials

convened a conference call, which began about 4:30 p.m. Central Standard Time, to discuss the situation. On the call were Plaintiff, Defendant Bob West, human resources director Donna Tomlinson, and Scott Curry, head of Company operations. During this call Plaintiff contends that Mr. West agreed to allow him to fly home, but strongly urged him to drive his truck back to Nashville and made several statements conveying his displeasure about Plaintiff's request to leave his truck to fly home. During the call, Scott Curry, on his own initiative, ran a flight search and identified a flight that would get Plaintiff home Wednesday night. Mr. West urged that driving the truck home would get him home sometime Thursday, which was not much later than the identified flight. The call ended with the understanding that Plaintiff would drive the truck home. However, later that day, Plaintiff identified a flight that would get him home Wednesday morning rather than Wednesday evening. Around 8:00 p.m. CST, Plaintiff informed Donna Tomlinson that he would be taking this earlier flight home to be with his mother. Ms. Tomlinson told him that she was disappointed at his decision. The parties do not dispute that no one from the Company told Plaintiff that this would be considered abandoning his truck or that he would be terminated for this decision. Mr. West now claims he would not have agreed for Plaintiff to fly home if he had known at the time that Plaintiff's mother had been in the hospital since Sunday and that Plaintiff had spoken to her doctor Tuesday morning, such that, to Mr. West's thinking, Plaintiff should and could have informed the Company sooner of his need to take leave.

The parties do not dispute that Plaintiff was able to communicate with his mother after returning to Tennessee on Wednesday, April 3, 2013. It is also undisputed that she lapsed into a coma that same night, and Plaintiff was not able to communicate with her again before she died. The Company terminated Plaintiff on Friday, April 5, 2013 at the direction of Mr. West. The

reason stated for the termination on the separation notice was that he had abandoned his truck and trainee in Washington State. Defendant maintains that a provision in the Company Code of Conduct Driver's Manual that prohibits "[a]bandoning an assignment, duty or dispatch without notice of approval." Plaintiff's mother died on Sunday, April 7, 2013. After his termination, Plaintiff filed this suit, asserting claims for interference and retaliation under the Family and Medical Leave Act ("FMLA") and a claim for retaliatory discharge under the Tennessee common law.

## ANALYSIS

**I. Summary Judgment Standard**

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). "The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating 'an absence of evidence to support the nonmoving party's case.'" *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). If the moving party is able to meet this initial burden, the non-moving party must then "set forth the specific facts showing that there is a genuine issue for trial." *Id.* (quoting Fed. R. Civ. P. 56(e)).

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Tolan v. Cotton,* 572 U.S. ----

(2014), 134 S.Ct. 1861, 1866 (2014); *Van Gorder v. Grand Trunk W. R.R., Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595 (quoting *Anderson*, 477 U.S. at 252). "As to materiality, the substantive law will identify which facts are material. Only disputes over fact that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

**II. FMLA Claims**

    **A. Interference and Retaliation Claims**

Under the FMLA, there are two theories for recovery. Plaintiff may recover under 29 U.S.C. § 2615(a)(1) for entitlement/interference with his rights under the FMLA if he can demonstrate that: (1) he was an eligible employee; (2) the defendant was an employer as defined under the FMLA; (3) he was entitled to leave under the FMLA; (4) he gave the employer notice of his intention to take leave; and (5) the employer denied him the FMLA benefits to which he was entitled. *Killian v. Yorozu Auto. Tennessee, Inc.*, 454 F.3d 549, 556 (6th Cir. 2006) (citing Walton v. Ford Motor Co., 424 F.3d 481, 485 (6th Cir.2005)).

Plaintiff may recover under the retaliation/discrimination theory under 29 U.S.C. § 2615(a)(2) if he demonstrates that: (1) he was engaged in an activity protected by the FMLA; (2)

4

the employer knew that he was exercising his rights under the FMLA; (3) after learning of the employee's exercise of FMLA rights, the employer took an employment action adverse to him; and (4) there was a causal connection between the protected FMLA activity and the adverse employment action. *Id.* (citing *Arban v. West Publ'g Corp.*, 345 F.3d 390, 404 (6th Cir.2003)).

The parties do not dispute that Plaintiff was an eligible employee, that Defendants were covered employers, or that Plaintiff was entitled to leave under the FMLA. However, the parties do dispute whether Plaintiff provided adequate notice. When the timing of the need for FMLA leave is not foreseeable, an employee must give notice of the need for such leave as soon as practicable. 29 C.F.R. § 825.303(a). "[W]hat is practicable, both in terms of the timing of the notice and its content, will depend upon the facts and circumstances of each individual case." *Cavin v. Honda of America Mfg., Inc.*, 346 F.3d 713, 724 (6th Cir. 2003) (quoting *Manuel v. Westlake Polymers Corp.*, 66 F.3d 758, 764 (5th Cir.1995)). The parties disagree about the content and timing of information Plaintiff received related to his mother's deteriorating condition and about what notice was practicable under the circumstances. This disagreement about notice prohibits judgment as a matter of law for either party on both the interference and retaliation claims. The interference claim explicitly requires proof of adequate notice. The retaliation claim requires proof that Plaintiff was engaged in an activity protected by the FMLA, but Plaintiff was not protected by the FMLA if he did not give adequate notice. In addition, the parties disagree about whether the adverse employment action was caused by the protected FMLA activity. The Defendants argue that they fired Plaintiff for abandoning his truck and trainee, not in retaliation for exercising his rights under the FMLA. As a result of these genuine issues of material facts, both parties' motions for summary judgment on the interference and

5

retaliation claims will be denied.

**B. Liquidated Damages Request**

The FMLA provides for liquidated damages equal to the damages due to lost compensation plus interest. 29 U.S.C. § 2617(a)(iii). "However, if an employer proves that it acted 'in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation' of the FMLA, the court may reduce the damages." *Arban v. West Pub. Corp.*, 345 F.3d 390, 407 (6th Cir. 2003) (quoting 29 U.S.C. § 2617(a)(iii)). Given the parties' disputes related to the adequacy of Plaintiff's notice and the cause of Defendant's decision to terminate Plaintiff, the Court will deny Plaintiff's motion for summary judgment on this issue as well.

## III. Retaliatory Discharge Claim

Defendant's motion to dismiss argues that Plaintiff's claim under Tennessee common law for retaliatory discharge should be dismissed because it is preempted by the FMLA. Plaintiff has not responded to Defendant's motion to dismiss this claim. The Court agrees that the FMLA preempts this claim. *See, e.g., Morris v. Family Dollar Stores of Ohio*, 320 Fed. Appx. 330, 341 n.12 (6th Cir. 2009 (quoting *Wiles v. Medina Auto Parts*, 773 N.E. 2d 526, 535 (Ohio 2002), which held "that because 'the statutory remedies in the FMLA adequately protect the public policy embedded in the [FMLA],'a case alleging a violation of the FMLA could not establish the requisite elements of a claim of wrongful discharge in violation of public policy."); *McAllister v. qualify Mobile X-Ray Services, Inc.*, 2012 WL 3042972 at #5 (M..D. Tenn. 2012) ("The FMLA itself creates a cause of action for retaliation and provides a detailed remedial scheme to obtain redress for statutory violations. . . . Given the existence of this comprehensive remedial scheme

6

to redress violations of statutory rights, there is no need to extend the common law retaliatory discharge tort to overlap with the FMLA."). Accordingly, the Court will grant Defendant's motion to dismiss this claim and will deny Defendant's motion for summary judgment on this claim as moot.

## CONCLUSION

For the foregoing reasons, each party's motion for summary judgment will be DENIED and Defendant's motion to dismiss the state law retaliatory discharge claim will be GRANTED.

An appropriate order is filed herewith.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE